UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES RAY ROBERTSON** | **CASE NO. 3:22-CV-05277** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **F.B.I. ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are three motions: (1) a motion to dismiss for failure to state a claim [doc. #9], filed by the Madison Parish Sherriff's Office ("MPSO"); (2) a motion for leave to amend [doc. #13], filed by Plaintiff pro se Charles Ray Robertson; and (3) a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction [doc. #19], filed by the Louisiana State Police Office ("LSPO").

For reasons assigned below, **IT IS RECOMMENDED** that LSPO's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction [doc. #19], be **GRANTED IN PART AND DENIED IN PART AS MOOT.** To the extent that LSPO seeks dismissal for lack of subject matter jurisdiction, **IT IS RECOMMENDED** that its motion be **GRANTED,** and the case be **DISMISSED WITHOUT PREJUDICE**, for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that LSPO's motion otherwise be **DENIED AS MOOT. IT IS**

**FURTHER RECOMMENDED** that MPSO's motion to dismiss be **DENIED AS MOOT**. **IT IS ORDERED** that the motion for leave to amend [doc. #13], is **DENIED AS MOOT**.[1]

## Background

On September 19, 2022, Robertson filed the instant defamation action against the Federal Bureau of Investigation ("FBI"), the Tallulah Sheriff's Department, and the LSPO. [doc. #1]. In his original complaint, Tilmon alleges that Defendants defamed his character and caused him financial hardship and mental distress. *Id.* He seeks $100 million in damages. *Id.* at 5.

On November 2, 2022, the MPSO, incorrectly named as the "Tallulah Sherriff's Department," filed a motion to dismiss, arguing that it is not an entity capable of being sued under Louisiana law. [doc. #9-1, p. 1]. On November 21, 2022, in response to the MPSO's motion, Robertson filed a motion to amend his complaint [doc. #13], and correctly named the MPSO as a Defendant. *Id.* On December 1, 2022, MPSO filed its opposition to Robertson's motion to amend, arguing that amendment would be futile because MPSO lacks the capacity to be sued. [doc. #13].

On December 23, 2022, Defendant LSPO filed a motion to dismiss. [doc. #19]. Therein, LSPO argues that it is not a juridical entity with the capacity to be sued under Louisiana law. [doc. #19-1]. LSPO also argues that the Court lacks subject matter jurisdiction because Robertson's claims do not raise a federal question. *Id.* at 4. Alternatively, even if it did raise a federal question, Robertson's claims against the LSPO are barred under the doctrine of sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. *Id.* Finally, LSPO argues that,

---

[1] The pending motions to dismiss have been addressed in this Report and Recommendation because they are dispositive of Plaintiff's claims. However, the motion to amend is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure. Therefore, the order is issued on this motion under the authority thereof and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

should the Court find that there is subject matter jurisdiction, Robertson failed to afford sufficient service of process to the incorrectly named LSPO, and, therefore, his claims against it should be dismissed. *Id.*

On December 29, 2022, Robertson filed a second motion to amend his complaint. [doc. #22]. Therein, Robertson re-urges his previous request to rename "Tallulah Sherriff Department" as the MPSO. *Id.* Robertson also seeks to rename the LSPO as the Louisiana Bureau of Criminal Identification and Information. *Id.* Finally, Robertson seeks to clarify that he brings the instant action under Title 28, United States Code, Section 4101, and not under state law. *Id.*

On January 5, 2023, the Court granted Robertson's second motion to amend, to the extent that he sought to clarify the federal statutes under which he proceeds. [doc. #23]. The Court also ordered that, to the extent Robertson's amendment affected the pending motions to dismiss, Defendants may file a supplemental memorandum to address the amendment. *Id.*

On January 24, 2023, LSPO filed a supplemental memorandum in support of its previous motion to dismiss. [doc. #26]. Therein, it argues that the Court lacks federal question jurisdiction because Section 4101—which contains definitions used when litigants are attempting to enforce judgments against U.S. citizens protected by the First Amendment—does not provide a right of action to Robertson against any Defendant and is inapplicable to the parties and facts in the case. *Id.* at 2–3.

On January 30, 2023, Robertson filed a response to LSPO's supplemental memorandum. [doc. #28]. Therein, he argues that the FBI is a federal entity capable of being sued, and all parties who send data to the FBI are involved in this matter. *Id.* Robertson also appears to acknowledge that there is no federal statute for defamation, but argues that "defamation is a tort" and asks the Court to excuse any error, as he is pro se. *Id.*

Accordingly, this matter is ripe.

## Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–431 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (internal quotation marks omitted)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Miss. River Transmission, LLC v. Nadel & Gussman*, 844 F.3d 495, 497 (5th Cir. 2016) (internal citation and quotations omitted).

Robertson invoked this Court's subject matter jurisdiction exclusively via federal question jurisdiction. An action can arise under federal law in two ways: (1) when the party has asserted a federal cause of action or (2) the party has asserted a state cause of action claim that necessarily

raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 987, 941 (5th Cir. 2013).

"[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). "The plaintiff need not specifically cite a federal provision . . . but he must allege facts sufficient to establish a colorable issue of federal law." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (internal quotations omitted). "A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper 'only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Williams as Next Friend of J.S.W. v. Presbyterian Christian Sch., Inc.*, No. 2:18-15-LG-MTP, 2018 WL 10419234, at *2 (S.D. Miss. Oct. 2, 2018) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

Here, Robertson fails to cite a federal statute or allege facts from which the Court could discern that he plausibly alleges a cause of action conferring federal question jurisdiction. In his first amended complaint, Robertson cites "28 U.S.C. [§] 4101 for Defamation." However, as Defendant LSPO points out, that statute contains definitions used when litigants are seeking enforcement of foreign judgments against United States citizens who are entitled to First Amendment protections. 28 U.S.C. § 4101. It does not provide a federal cause of action for defamation and is wholly inapplicable to the allegations in Robertson's complaint. *See Porter v. Hayes*, No. 5:22-cv-1067, 2022 WL 167444238, at *2 (N.D. N.Y. Nov. 7, 2022) (Section 4101 does not create a federal cause of action for defamation), *R&R adopted*, 2023 WL 315682 (N.D.

N.Y. Jan. 19, 2023); *Mills v. Dollar General Corp. Office*, No. 21-368, 2021 WL 4851065, at *3 (M.D. La. Oct. 18, 2021) (no federal question jurisdiction because plaintiff's defamation action arose under Louisiana tort law and not federal law under Section 4101).

Thus, Robertson has not asserted a colorable, non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted viable state law defamation claims against Defendants, but "generally there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 251, 252 (5th Cir. 2008) (internal citation omitted). There may be a proper court or forum for Robertson to seek relief on his claims, but this federal court is not it.[2] *See Collins v. Okey*, No. 5:21-1812, 2021 WL 4098235, at *3 (W.D. La. Aug. 23, 2021), *R&R adopted*, 2021 WL 4097011 (W.D. La. Sept. 8, 2021).

Given this conclusion, in the absence of subject matter jurisdiction, as recommended here, the Court is unable to reach MPSO's motion to dismiss for failure to state a claim upon which relief can be granted [doc. #9], or LSPO's alternative motions to dismiss [doc. #19]. *See Harris v. Brown*, No. 3:21-1332, 2021 WL 6329806, at *10 (W.D. La. Dec. 22, 2021) (citing *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-cv-1062, 2020 WL 2404911, at *4 (court lacked jurisdiction to consider defendant's remaining Rule 12(b)(6) arguments)).

---

[2] In his response to LSPO's supplemental memorandum, Robertson asks the Court to "excuse any error in this matter as [sic] the plaintiff is however 'pro se.'" [doc. #28, p. 1–2]. While the undersigned is sympathetic to the fact that Robertson is proceeding pro se, he is not exempted from compliance with the relevant substantive law. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."); *see also Stallworth v. East Metro Corridor Comm'n*, No. 3:16-cv-578, 2017 WL 11697928, at *3 (S.D. Miss. Mar. 10, 2017) ("Although pro se plaintiffs are subject to a more liberal pleading standard than persons represented by counsel, a pro se plaintiff must still meet his burden of proving that the court has subject matter jurisdiction over his claims.").

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that LSPO's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction [doc. #19], be **GRANTED IN PART AND DENIED IN PART AS MOOT.** To the extent that LSPO seeks dismissal for lack of subject matter jurisdiction, **IT IS RECOMMENDED** that its motion be **GRANTED,** and the case be **DISMISSED WITHOUT PREJUDICE**, for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that LSPO's motion is otherwise **DENIED AS MOOT.**

**IT IS FUTHER RECOMMENDED** that MPSO's motion to dismiss be **DENIED AS MOOT.**

**IT IS ORDERED** that the motion for leave to amend [doc. #13] is **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling. **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS**

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of January, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE